UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                          :

FARENCO SHIPPING CO., LTD.,          :

          Plaintiff,           :

    -against-               :

CROWNLAND INTERNATIONAL CO., LTD.  :

          Defendant.         :

-----------------------------------------------------------------x

08 Civ. 10830 (GEL)

**OPINION AND ORDER**

GERARD E. LYNCH, District Judge:

       Plaintiff Farenco Shipping Co., Ltd. brought this maritime action against defendant Crownland International Co., Ltd. pursuant to Supplemental Admiralty Rule B, Fed. R. Civ. P. On December 17, 2008, the Court issued an an ex parte Order of Maritime Attachment pursuant to that rule, authorizing the attachment of defendant's property within this District. Nothing further has occurred in the litigation. Accordingly, on January 12, 2009, the Court directed plaintiff to provide a status report with respect to the case. By letter dated February 11, 2009, plaintiff advised that "[a]lthough [it] has been duly serving the writ of attachment upon the garnishees, to date no funds of the Defendant have been attached." (Letter of Thomas H. Belknap, Jr., to the Court, dated Feb. 11, 2009, at 1.) Plaintiff also advised that it has not yet commenced arbitration and expressed "concern[] that the Defendant has no assets and may have ceased doing business in order to avoid liability in respect of Plaintiff's claim." (Id. at 1-2.) In light of these facts, plaintiff requests that it "be permitted to continue to attempt to attach funds in respect of its claim." (Id. at 2.) The request will be denied and the complaint dismissed.

       Rule B authorizes maritime plaintiffs to bring an action in a district in which the defendant cannot be found by filing a verified complaint containing "a prayer for process to attach the defendant's tangible or intangible personal property – up to the amount sued for – in the hands of garnishees named in the process." Under the Second Circuit's decisions in Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2002), and Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006), it is well established that maritime plaintiffs may attach electronic funds transfers ("EFTs") in the hands of intermediary banks in New York pursuant to this rule. See Aqua Stoli, 460 F.3d at 436; Winter Storm, 310 F.3d at 274-80. While the funds involved in such transfers reside in the possession of the intermediary banks for the briefest of periods, and service of an attachment cannot validate the attachment of property not in the hands of the bank when the attachment is made, Winter Storm, 310 F.3d at 274 & n.7, the Court of Appeals has approved the practice of continuous service of writs of attachment on the garnishee banks in order to catch EFTs when they arrive at the bank. Id. Accordingly, large numbers of maritime actions now burden the docket of this Court and the

commerce of the banks of this District.

This case poses the question of how long these burdens may be maintained.  In this case, as is typical of Rule B cases in this Court, neither party has any meaningful contacts with this District, nor is the dispute connected in any way with this District.  Plaintiff is a foreign corporation having its principal place of business in Beijing, China; defendant is a foreign corporation having its principal place of business in Samoa.  Plaintiff evidently has no intention of adjudicating the merits of its claim in this Court: The docket sheet reflects no effort on the plaintiff's part to serve process on the defendant, and the relevant charter party provides for arbitration of disputes in London.  As required by Rule B, plaintiff has averred that defendant may not be found in this District, so that in personam jurisdiction over the defendant is lacking here.  Moreover, it is now apparent, after two months of continuous service of the writ of attachment on a number of New York banks and plaintiff's own admission that defendant has likely ceased doing business, that no property of the defendant, real or personal, tangible or intangible, is to be found in this District, thus precluding the exercise of in rem jurisdiction.

Plaintiff nevertheless seeks permission to continue to serve process on the District's banks indefinitely, in the hopes that an EFT will pass through the District, which can be attached in order to obtain jurisdiction.  Granted, the procedure approved in Winter Storm and Aqua Stoli does not require a plaintiff to show that any property of the defendant actually does reside in the District.  Under Rule B as there interpreted, a maritime plaintiff may file a complaint and obtain and serve a writ of attachment based on nothing more substantial than the speculation that a bank located within this District may receive an EFT that is the property of the defendant.  If such speculation is sufficient to obtain a writ, plaintiff may reasonably ask why the same speculation would not be sufficient to maintain the action, and the writ of attachment, indefinitely.

The question, however, answers itself.  A court is not required to maintain dormant actions on its docket forever, simply because a plaintiff is prepared to maintain the action, and continue serving writs, indefinitely.  It is not unreasonable to anticipate that funds of companies engaged in maritime trade or international commerce generally will pass through New York at some point.  It becomes unreasonable, however, to continue in that anticipation when not a single penny belonging to a defendant has been attached after two months of effort, and when plaintiff itself suspects that the defendant is no longer in business.

Plaintiff is entitled to seize defendant's "personal property . . . in the hands of [the garnishee banks]."  It is now clear beyond peradventure that there is no such property, and there is no reasonable expectation that there ever will be.  Plaintiff has no intention of litigating this case here even if such property can be located, and it is now clear that the Court has neither in personam jurisdiction over the defendant nor in rem jurisdiction over any property of the defendant.  Nor is there any basis for believing that plaintiff will ever locate any property here that can secure its claim.  There is no rationale for maintaining the case on the Court's docket any longer.  Of course, if plaintiff obtains information that any of defendant's property has entered or is about to enter the District, it may refile this action and seek attachment of such property.

Accordingly, it is hereby ORDERED that the plaintiff's request for permission to continue to serve the Process of Maritime Attachment for 120 additional days is denied, the Court's Order of December 17, 2008, granting an Order of Attachment is vacated, and the complaint is dismissed without prejudice.


SO ORDERED.

Dated: New York, New York
       February 26, 2009

                                                     GERARD E. LYNCH
                                         United States District Judge